UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                     :
:
:
:
-v-                                              :          94-cr-00313 (LJL)
:
IVAN RODRIGUEZ,                                              :          MEMORANDUM AND
:                   ORDER
Defendant.                       :
:
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/22/2025

LEWIS J. LIMAN, United States District Judge:

Defendant Ivan Rodriguez ("Rodriguez") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A),

for compassionate release.  Dkt. No. 961.  The motion is denied without prejudice.

**BACKGROUND**

Rodriguez was convicted in May 1995 following a twelve-week jury trial on charges of

murder and conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5), (a)(1), and of

carrying a firearm during and in relation to other crimes in violation of 18 U.S.C. § 924.  *See*

*United States v. Padilla*, 203 F.3d 156, 158 (2d Cir. 2000).  According to the facts at trial, during

an internal war between rival factions of the violent "C&C" drug gang in mid-1992, Rodriguez

was offered several thousand dollars for the successful murder of George Calderon, one of

C&C's leaders.  On June 30, 1998, Judge Haight sentenced Rodriguez to life imprisonment, a

consecutive term of five years' imprisonment, mandatory special assessments, and five years of

supervised release.  *Padilla*, 203 F.3d at 157–58; *see also* Dkt. No. 696 at 1.

Rodriguez previously filed motions for compassionate release on December 14, 2021,

Dkt. No. 920, on January 13, 2023, Dkt. No. 933, and on January 23, 2024, Dkt. No. 945.[1]  In his

_____

[1] In the fall of 2020, Rodriguez also submitted a letter to Judge Stein, to whom the case was then

December 2021 motion, Rodriguez argued that he should be granted compassionate release

because he was almost seventy years old and had major health problems and a short life

trajectory.  Dkt. No. 920.  In his January 2023 motion, he argued that he was seventy-five years

old and had suffered two more strokes and two heart attacks while incarcerated.  Dkt. No. 933.

He made similar arguments in his January 23, 2024 motion.  Dkt. No. 945.  Judge Haight denied

the December 2021 motion as moot by virtue of the filing of the January 2023 motion, Dkt. No.

936, and denied the January 2023 and January 2024 motions on the merits in April 2024.  *See*

Dkt. No. 948.  The Court assumed that Rodriguez's medical condition was severely adverse.  *Id.*

at 6.  However, the Court concluded that compassionate release was not available under the

factors set forth in 18 U.S.C. § 3553(a).  After describing Rodriguez as a professional hitman, *id.*

at 1–2, the Court wrote:

> While Rodriguez's conduct in prison appears to have been exemplary, and his distress and that of his family are manifest, I am commanded to consider the § 355(a) factors.  Having done so, I find myself unable to grant Rodriguez a compassionate release in this case.  Angel Padilla sought Rodriguez's services to kill George Calderon.  Rodriguez, a known gunman, accomplished that mission by shooting Calderon to death in cold blood.  The nature and circumstances of that offense, and the characteristics of Rodriguez as the offender—the § 3553(a)(1) factors—counts against Rodriguez in the compassionate release calculus.  Furthermore, given the "seriousness of the offense," the need to promote "respect for the law," the provision of "just punishment for the offense," and the goal to "afford adequate deterrence to criminal conduct," the § 3553(a)(2) considerations under the "need for the sentence imposes" also do not weigh in Rodriguez's favor.

*Id.* at 7–8.

Rodriguez filed a new motion for compassionate release on July 11, 2025.  Dkt. No. 961.

The case was reassigned to the undersigned.  Dkt. No. 962.  He has now served thirty-one years

---

assigned, arguing that his medical conditions, including stroke, heart attack, epilepsy, glaucoma, and cataracts, constituted extraordinary and compelling circumstances supporting his compassionate release.  Dkt. No. 922 at 2.

in prison.  Dkt. No. 961 at 2.  As grounds for his compassionate release, he references his health,

stating that he is very sick with "a lot of illnesses."  *Id.* at 4.

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code provides that a district

court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant

after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

term of [a defendant's] imprisonment . . . if it finds that . . . extraordinary and compelling reasons

warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

A district court may grant a compassionate release motion "only if three conditions are in

place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of

the 18 U.S.C.] § 3553(a) [sentencing] factors; and extraordinary and compelling reasons."

*United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021); *see United States v. Sanchez*, 2024 WL

4647668, at *1 (2d Cir. Nov. 1, 2024).  The Court considers whether the defendant has exhausted

his administrative remedies by applying to the warden of the defendant's facility to make a

motion for compassionate release or, in the alternative, has waited the requisite thirty days from

the receipt of such request by the warden.  Second, the court considers whether there exist

"extraordinary and compelling reasons" warranting a reduction.

However, "extraordinary and compelling reasons are necessary—but not sufficient—for a

defendant to obtain relief under § 3582(c)(1)(A)."  *United States v. Jones*, 17 F.4th 371, 374 (2d

Cir. 2021) (per curiam).  Before reducing a defendant's sentence, a district court must also

consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18

U.S.C. § 3582(c)(1)(A).  "In evaluating compassionate-release motions, 'courts regularly

consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.'" *United States v. Harper*, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2022) (summary order) (quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020), and citing *United States v. Kanter*, 853 F. App'x 723, 726–27 (2d Cir. 2021)).  "A compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision." *Roney*, 833 F. App'x at 854 (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020)).

The Court has independently reviewed the Section 3553(a) factors.  Rodriguez has given the Court no reason to reach a conclusion different from that reached by the District Judge who tried this case and originally sentenced him.  Rodriguez committed a particularly heinous crime. In exchange for money, he killed another person in cold blood.  Without prejudging any conclusion the Court might reach on a different record or after Rodriguez has served a longer portion of his sentence, the Court concludes that his release at this stage "would undermine respect for the law and undermine the deterrent purpose of the original sentence given his very serious offenses." *Jones,* 17 F.4th at 375.

## CONCLUSION

The motion for compassionate release is denied without prejudice.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 961.


SO ORDERED.

Dated: July 22, 2025
       New York, New York                    _____
                                                  LEWIS J. LIMAN
                                               United States District Judge